## SUPREME COURT.

MOIR AND NORTON agt. BROWN, Sheriff, &c.
NORTON agt. SAME.

An attorney is liable for costs in cases of non-resident plaintiffs, only where se-
curity for costs could be *originally required*.

Therefore, in order to compel payment of costs by the attorney in the action, it
must appear *affirmatively*, that the plaintiff was a non-resident *when the action
was commenced*.

*Saratoga Special Term, Jan.* 1853.   This was an application
for an order that Marcus Ball, Esq., the attorney for the plain-
tiffs in each of the above actions, pay to the attorney for the
defendant, the sum of $18.72, in each action, costs of the last
Warren circuit, ordered to be paid on putting off the trial, on
motion of the plaintiffs' attorney.

It does not appear when the actions were commenced; but
the affidavit of the attorney for the plaintiffs states, that they
are actions of replevin, that by an agreement with the attorney
for the defendant, the defendant waived a return of the per-
sonal property, to recover which the actions were brought, and
the plaintiffs gave to the defendant at the time of the taking of
the property from the defendant, the usual undertakings con-
ditioned for a return thereof, if a return be adjudged, and for
the payment to the defendant of any sum *he might for any
cause recover* against the plaintiffs, which undertakings were at
the commencement of the actions submitted to and approved
by defendant's attorney.   That the sureties in the undertakings
are worth $50,000, and the value of the property taken $500.
The actions were noticed for trial at the last circuit in Warren
county, and were put off by the plaintiffs,—the attorney being
detained from attending court by severe illness and death in his
family.   The orders putting off the trials directed that the
plaintiffs in each cause pay to the defendant's attorney $18.72
in each action in twenty days after service of a copy of each
order on the plaintiffs' attorney.

The attorney for the defendant caused the order to be served,

and an additional note afterward requesting the costs to be paid, but has not received them. On an affidavit that he is informed and believes that the plaintiffs in both and each of the actions *are non-residents of the state of New-York,* that they *reside* in the state of Ohio, that there is no property, real or personal, in this state, belonging to them or either of them, by which the costs can be collected on process, the attorney for the defendant now moves for an order that the attorney for the plaintiff be required to pay them.

H. R. WING, *for Motion.*
W. A. BEACH, *Contra.*

C. L. ALLEN, Justice. Under the rule of the court of 14th January, 1799, attorneys were made liable for costs to the amount of $100, where the plaintiff was a non-resident at the time of the commencement of the suit, or became such during its pendency, unless security for costs was filed. By the Revised Statutes of 1830, the liability of the attorney seems to be confined to cases where the plaintiff does not reside in the state, when the suit is commenced. BRONSON, Ch. J., says in Alexander agt. Carpenter, (3 *Denio,* 266,) that the legislature thought the old rule too hard upon the lawyers, and it was provided that the attorney should not be liable in cases where the plaintiff removed out of the state after the suit was commenced. After the revision, the rule was abolished, and since 1830 there has been no law or rule of the court making the attorney liable, except under the 2 *R. S.* § 7, which declares that attorneys can only be made liable in those cases where security could *originally be required.*

The papers in this case do not show that the plaintiffs were non-residents of the state when the actions were *commenced.* The attorney swears, that he is informed and believes, that they *are* non-residents, and that they reside in the state of Ohio. They may have resided here at the time of the commencement of the suits, and removed to Ohio since. The party should show *affirmatively* in his affidavit the facts which entitle him

to the relief for which he moves.    Constantine agt. Van Winkle.    (2 *How.* 273, and other cases.)

This conclusion disposes of the motion.    There are other grounds taken in opposition, and among them, that this action being in the nature of replevin, and the requisite undertakings under § 209 of the Code having been executed, that the defendant could not require security for costs, and that the attorney can only be made liable where such security can be required.    It is very questionable whether the remedy of the defendant in this case is by motion against the attorney. (9 *Wend.* 462; 4 *How.* 93.)

I do not, however, pass upon that question, but shall deny the motion without prejudice, that the defendant may renew it on additional papers, if he shall be so advised.

Motion denied, with $7 costs.